ALLEN v. STATE.

*99 P. 2d 141.*

No. 29194. Feb. 13, 1940.

C. K. Templeton, of Pawhuska, and Henry Duncan, of Tulsa, for plaintiff in error.

Sim T. Carman, County Atty., and

R. E. Havens, Asst. County Atty., both of Pawhuska, for defendant in error.

RILEY, J. Plaintiff in error herein was a defendant in a bastardy proceeding in the county court of Osage county. Trial was before a court and jury resulting in a verdict of guilty returned on the 11th day of March, 1938. After unsuccessful motion for new trial, the court, on March 15, 1938, entered judgment on the verdict requiring defendant to pay to the mother of the child, for support and maintenance of the child, the sum of $1,440, payable in monthly installments of $10. Defendant below gave notice of intention to appeal from said verdict and judgment, whereupon the court fixed supersedeas bond in the sum of $2,880 and gave defendant ten days, or until March 25, 1938, to execute such bond. No supersedeas bond was given and no appeal was taken. Defendant made no payments on the judgment. Thereafter, on November 29, 1938, the county attorney filed what was denominated an application for citation, wherein, after reciting the judgment entered, notice of appeal, and order fixing the supersedeas bond and time allowed for giving same, etc., he alleged:

"That the said defendant has willfully failed, neglected and refused to pay any part of said judgment or to comply with the judgment in any respect; and he has willfully failed and neglected and refused to file the supersedeas bond fixed by said court."

The application asked that defendant be cited to appear before the court at a fixed time and place to give reason why he should not be adjudged guilty of contempt of court and punished accordingly. The "application" was duly verified. Citation was issued and served requiring defendant to appear before the county court on December 2, 1938, at 10 o'clock a.m., etc.

Pursuant thereto defendant appeared and requested a jury trial. The request was granted and trial set for December 16, 1938. Thereupon the court entered an order fixing a bond for payment of the judgment at $1,440, and a bond for appearance for trial on December 16th, at $1,200.

Defendant executed the $1,200 bond for appearance for trial on the 16th day of December, and was released from custody. He was given ten days, or until December 12, 1938, to execute the bond to secure payment of the judgment. He failed to execute that bond, to secure the judgment, within the time allowed by the court.

Thereafter, on December 13, 1938, the county attorney filed a second verified "application for citation," wherein he cited the order fixing the bond and the time within which to execute it, and then alleged:

"That said period of time has elapsed and the defendant herein has willfully refused and neglected to execute said bond or to otherwise comply with the order and judgment of this court, and is therefore in contempt of this court."

A second citation was issued requiring defendant to appear on the 16th day of December, 1938, and show cause why he should not be punished for contempt.

On December 19, 1938, the matter was continued until the first day of the next regular jury term of the county court.

Defendant gave a new appearance bond and was again released.

Defendant thereafter demurred to the applications for citation upon the grounds (1) that neither complied with the Constitution and statutes of Oklahoma, and (2) that the facts stated in the application fail to constitute contempt. He later filed a "response" raising the same questions, and further alleged:

"(2) Defendant further says that he admits that he was convicted of bastardy and that the court entered a judgment for $1,440 against this defendant, but defendant says that he has made diligent effort to comply with the judgment of this court, but has been unable to secure employment or funds with which to comply with said order of court directing him to pay said judgment.

"(3) Defendant further says that he is

without property or funds and he has been unable and is now unable to secure the payment of said judgment although the defendant has made diligent effort to secure the payment of said judgment as directed by the court."

Thereafter, the demurrers being overruled, the matter came on for trial before a jury. The "Applications for Citation" were apparently treated as accusations, and we will so treat them. Apparently the two accusations were tried together, resulting in a verdict of "guilty as charged."

Thereupon the court entered judgment adjudging defendant guilty of contempt of the county court in accordance with said verdict, and:

"* * * It is further ordered and adjudged by the court that the defendant, Green Allen, be, and he is hereby sentenced to serve the period of one year in the Osage county jail, or until such time as he pays off the judgment herein, the sum of fifty dollars ($50.00) and has secured the payment of the balance of the judgment herein rendered in such manner as may be approved by the court.

"It is further ordered and adjudged by this court that the said defendant, Green Allen, be confided to the custody of the sheriff of this county to carry out the judgment of this court. * * *"

Defendant appeals and among other things assigns as error the overruling of his demurrer to the citations and application therefor. (They are referred to, however, in the petition in error as the "demurrer of defendant in error." This is manifestly an inadvertence, and we treat the assignment as it was evidently intended as meaning the demurrer of plaintiff in error.)

This assignment is well taken insofar as the first application for citation is concerned.

The first application or accusation is based entirely upon failure of defendant Allen to execute and file a supersedeas bond for an appeal to this court on the verdict and judgment entered in the first instance, and failure to pay any of the installments of the judgment entered against him. This is clearly not contempt. Under section 1727, O. S. 1931, defendant had the right to appeal as in other actions in the county court. It was within his right to abandon his intention to appeal and not give the supersedeas bond. The court had no right to, and did not as a matter of fact, require defendant to give such bond. Failure to file said bond did not and could not constitute contempt of court.

In Ex parte Chase, 141 Okla. 75, 284 P. 294, it is said:

"It is evident that our statute does not authorize imprisonment as a means of enforcing such an order of maintenance."

If imprisonment may not be resorted to as a means of enforcing payment, it is clear that failure to pay an installment could not constitute contempt. Therefore, that part of the first application which charged failure to pay any part of the said judgment was not sufficient to state a case of contempt.

What the statute does provide is found in section 1725, O. S. 1931, § 78, title 10, Okla. Stat. Ann., which with other things provides:

"* * * and in addition thereto the court shall require the defendant to secure the performance of the order of the court, in such manner as the court shall direct."

It was not until December 2, 1938, when defendant was brought before the court on the first citation that the county court made an order such as is contemplated in and provided for in section 78, title 10, Okla. Stat. Ann., supra.

An order such as was then made was within the law. Failure to comply with said order was the basis of the second application. While the order made is not as complete as it might have been made, we think it sufficient to require a bond as security for the payment of the judgment. We are not willing to say that the second application, treated as an accusation in writing, is insufficient to charge a contempt, as against a general demurrer.

Plaintiff in error, however, was put to trial on both charges. This apparently was agreeable to him. But, considering the record as a whole, the evidence given and the instructions of the court all going to both charges, etc., it can hardly be said that plaintiff in error has had a fair trial on the only proper accusation against him.

Complaint is also made as to the judgment and sentence imposed, both as to form and substance. But, since the error, if any, may not appear in any judgment that may follow a new trial, we deem it unnecessary to discuss the alleged error.

The verdict, judgment and sentence is reversed, and the cause is remanded, with directions to grant a new trial, and for further proceedings in accordance with the views herein expressed.

BAYLESS, C. J., WELCH, V. C. J., and CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. OSBORN, J., absent.